IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No. PJM-03-0457 |
| JAMES E. FLOOD, III, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION**

On October 3, 2003, a grand jury indicted James E. Flood III on five counts: one of kidnapping, aiding and abetting; one of conspiracy to kidnap, aiding and abetting; and three of use of a handgun during a crime of violence, aiding and abetting. ECF No. 508. At trial, a jury found Flood guilty on all counts. The Court thereafter sentenced him to life imprisonment (Count I) and consecutive sentences of ten years (Count II), twenty-five years (Counts III), twenty-five years (Count IV), and five years (Count V). He is currently incarcerated at Butner Medium II Federal Correctional Institution.

Flood recently filed the instant Motion for Compassionate Release, citing "extraordinary and compelling" reasons to grant relief. ECF No. 651.

If a court finds that "extraordinary and compelling" reasons exist, it must consider relevant §3553(a) factors to determine whether, and to what extent, to grant relief. 18 U.S.C. § 3582(c)(1)(A). First, Flood submits that his sentence would be significantly lighter if imposed today because of the sentencing disparity caused by the stacked 924(c) sentences as well as changes in charging, pleading, and sentencing practices. *Id.* at 1 (citing *United States v. McCoy*, 981 F.3d 271, 277 (4th Cir. 2020)). Second, he cites his youth and other circumstances at the time of the offense, including his limited role in the crime. Last, Flood submits that he has been

rehabilitated while incarcerated. As a result, he asks that his sentence be reduced to 330 months (27.5 years).

The Government opposes Flood's Motion, citing a lack of "extraordinary and compelling" circumstances and because the §3553(a) factors, in any case, do not support release. ECF No. 655. Even if Flood may not have received 65 years for stacked § 924(c) offenses, says the Government, he still would have received the mandatory minimum sentence of life imprisonment for kidnapping resulting in death. *Id.* at 7. The Government also argues that neither Flood's youth nor rehabilitation warrant relief. Although he was 24 years old at the time of offense, Flood was nonetheless a willing and engaged participant in the especially horrific crime of kidnapping resulting in death. *Id.* at 9-10. And his rehabilitation notwithstanding, § 3553(a) factors require a sentence to reflect the seriousness of the crime. *Id.* at 10-12.

The Court agrees that Flood has failed to establish "extraordinary and compelling" reasons justifying compassionate release. Unlike the defendants in *McCoy*, Flood's sentence disparity was not caused by his stacked § 924(c) offenses. 981 F.3d 271, 278 (4th Cir. 2020) (finding defendants' sentences would have been 30 years to 200 months shorter without stacked 924(c) sentences). Stacked § 924(c) offenses aside, Flood would still have received at least twenty-two years of imprisonment on the three § 924(c) counts, 18 U.S.C. § 924(c)(1)(A), as well as a mandatory minimum sentence of life for kidnapping resulting in death. 18 U.S.C. § 1201(a). Flood's relative youth at the time of his crime does not override the fact that he was not only involved in a homicidal crime, but played a major role by providing his car and cellphone in furtherance of the crime. *Compare with McCoy*, 981 F.3d at 277-78 (22–24-year-old defendants involved in robberies not resulting in death).

Other §3553(a) factors weigh against granting Flood's release. He conspired to and committed kidnapping resulting in death. ECF No. 651. He provided the transportation and means of communication, then tried to dispose of the evidence once the crime had been committed. *Id.* While it is encouraging to know that Flood has been participating in rehabilitative programming while incarcerated, his past includes extremely serious offenses, including an act of violence, a drug violation, and possession of a weapon. ECF No. 655 at 10-11. Section 3553(a) factors require, in part, that a sentence "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Kidnapping resulting in death by itself is a serious enough offense to allow Flood's motion to be denied, which will promote respect for the law and justly punish the perpetrator.

For these reasons, Flood's Motion for Compassionate Release (ECF No. 651) is **DENIED**.

A separate Order will **ISSUE**.

December 1, 2022

/s/ PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE