## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. **03-457-PJM** |
| | * | |
| JAMES EVERETT FLOOD, II | * | |
| | * | |
| *Defendant.* | * | |

## MEMORANDUM OPINION

James Everett Flood ("Flood") has filed a Motion to Vacate, asking the Court to vacate his convictions pursuant to 18 U.S.C. § 924(c) and re-sentence him on the remaining counts of which he was convicted. ECF Nos. 396, 527, 528. For the reasons that follow, the Court **VACATES** Flood's § 924(c) convictions but **DENIES** his request for resentencing on the remaining counts.

### I.    BACKGROUND

A full account of this case is set forth in *United States v. Lighty*, 616 F.3d 321, 336 (4th Cir. 2010). The Court limits itself here to a summary of the facts necessary to consider the current Motion to Vacate brought by Flood.

On January 3, 2002, Flood, along with co-defendants Lorenzo Wilson and Kenneth Lighty ("Lighty"), forced Eric Hayes into the trunk of a Lincoln Continental and transported him from Washington D.C. to Hillcrest Heights, Maryland, where they executed him. On October 21, 2005, Flood and Lighty were each convicted of one count of kidnapping in violation of 18 U.S.C. § 1201(a) (Count One), one count of conspiracy to commit kidnapping in violation of 19 U.S.C. § 1201(c) (Count Two), and three counts of using a firearm during and in relation to a "crime of violence" in violation of 19 U.S.C. § 924(c) (Counts Three, Four, and Five). On January 11, 2006, the Court sentenced Flood to mandatory life imprisonment for Count One, a consecutive term of

ten years for Count Two, and consecutive terms of five, twenty-five, and twenty-five years respectively for Counts Three, Four, and Five (for a total consecutive term of sixty-five years).

On August 11, 2010, in a decision consolidating appeals from both Flood and Lighty, the Fourth Circuit affirmed the convictions and sentences. *Lighty*, 616 F.3d at 337. A few months later, on December 13, 2010, the U.S. Supreme Court denied Flood's petition for a writ of certiorari. *Flood v. United States*, 562 U.S. 1118 (2010).

On December 12, 2011, Flood filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 396. Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which voided the definition of a "violent felony" in the Armed Career Criminal Act, he supplemented his Motion with additional challenges to his three § 924(c) convictions (Counts Three, Four, and Five). ECF Nos. 527, 528. On January 23, 2018, the Court denied the bulk of Flood's Motion, but stayed the supplemental portions asserting *Johnson* claims. ECF No. 578. On October 20, 2022, upon appropriate motion (ECF No. 662), the Court permitted Flood to adopt Lighty's supplemental motions addressing the latter's *Johnson* claims. ECF No. 665.

Having earlier vacated Lighty's § 924(c) convictions and ordered him to be resentenced, *United States v. Lighty*, No. CR 03-457-PJM, 2023 WL 2932960 (D. Md. Apr. 13, 2023), the Court now addresses whether Flood is entitled to similar relief. For the reasons that follow, the Court **VACATES** Flood's § 924(c) convictions and their accompanying sentences but **DENIES** his request to be resentenced on the remaining counts (ECF Nos. 396, 527, 528).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, an individual in federal custody may challenge the legality of a sentence imposed by a district court on the following grounds: (1) that the sentence was imposed in violation of the U.S. Constitution or the laws of the United States; (2) that the court was without

jurisdiction to impose such a sentence; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bears the burden of establishing his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### III.   DISCUSSION

The parties agree that Flood's convictions under § 924(c) should be vacated because the charges on which they were predicated (conspiracy to commit kidnapping and kidnapping resulting in death) are no longer deemed "crimes of violence." *E.g.*, *Johnson*, 576 U.S. at 606; *United States v. Davis*, 139 S. Ct. 2319 (2019); *Borden v. United States*, 141 S. Ct. 1817 (2021). They disagree, however, as to whether resentencing is warranted with respect to the convictions not affected by *Johnson* (Counts One and Two). The Government argues that resentencing is unnecessary because Flood will still be subject to a mandatory life sentence on Count One. ECF No. 668 at 16. Flood concedes this point but argues that a failure to resentence him could result in future harm such as limiting the type of programming he might be eligible to obtain while incarcerated, what his custody classification should be, and his "risk of recidivism" score calculated by the Department of Justice. ECF No. 677 at 3-4.

Pursuant to 28 U.S.C. § 2255, a district court has "broad" discretion over whether to simply vacate the void convictions or to order a full resentencing. *United States v. Hadden*, 475 F.3d 652, 661, 667 (4th Cir. 2007). Here, the Court agrees to vacate Flood's § 924(c) convictions but declines to resentence him on the remaining counts. His conviction for kidnapping resulting in death (Count One), which remains valid even after *Johnson*, carries a minimum punishment of a mandatory life sentence. Thus, his case lacks the aggravating factor in Lighty's case that led the Court to order resentencing there—namely, that Lighty's now-void § 924(c) convictions likely

played a role in the jury's decision to sentence him to death.  In contrast, Flood would receive a mandatory life sentence whether or not the sentencing jury erroneously considered his § 924(c) convictions.  In the Court's view, conducting a full resentencing just to reach the same mandated result in Flood's case is therefore unnecessary.

Accordingly, Flood's § 924(c) convictions and their accompanying sentences are **VACATED** but his request to be resentenced on the remaining counts is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1.  Flood's Motion to Vacate (ECF Nos. 396, 527, 528) is **GRANTED IN PART AND DENIED IN PART.**

    a.  Flood's Motion is **GRANTED** with respect to Counts Three, Four, and Five, which are hereby **VACATED**.

    b.  Flood's Motion is **DENIED** with respect to his request to be resentenced on Counts One and Two.

A separate Order will **ISSUE**.

June ___, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE