IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EVERETT FLOOD, III | * | |
| Petitioner, | * | |
| v. | * | Crim. No. 03-457-PJM-3 |
| | | Civ. No. 11-3563-PJM |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |

\*\*\*

## MEMORANDUM OPINION

James Everett Flood has filed a Motion for a Certificate of Appealability (ECF No. 682) with respect to the Court's decision (ECF Nos. 578, 579) denying his claims for ineffective assistance of counsel raised in his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** Flood's Motion for a Certificate of Appealability.[1]

### Background

On October 21, 2005, Flood was convicted by a jury for one count of kidnapping in violation of 18 U.S.C. § 1201(a) (Count One), one count of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) (Count Two), and three counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (counts Three, Four, and Five, respectively). Thereafter, the Court sentenced Flood to life imprisonment for Count One, a consecutive term of ten years for Count Two, and consecutive terms of five, twenty-five, and twenty-five years respectively for counts Three, Four, and Five (for a total term of imprisonment of life plus sixty-five years). *See* ECF No. 234.

---

[1] Unless otherwise noted, all citations to the record correlate to Flood's criminal case, Crim. No. 03-457-PJM-3.

1

Following the exhaustion of his direct appeals, Flood filed a motion for relief pursuant to 28 U.S.C. § 2255 on December 12, 2011. *See* ECF No. 396. In that motion, Flood argued that his Sixth Amendment right to counsel was violated through his court-appointed counsel's performance before and during trial. Flood's motion was premised on eight supposed deficiencies on behalf of his counsel—one such deficiency was counsel's alleged failure to engage in plea negotiations prior to trial. *See id.* at 3-9. Specifically, Flood argued that counsel rendered deficient performance when counsel failed to inform him that, during jury selection, the Government approached counsel about the prospect of Flood pleading guilty, rather than proceeding to trial.

On May 10 and May 19, 2016, Flood filed two supplemental Section 2255 motions following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which cast doubt on whether Flood's convictions for "kidnapping" and "conspiracy to commit kidnapping" qualified as "crimes of violence" to serve as the predicates for his Section 924(c) convictions. *See* ECF No. 527, 528.

On January 23, 2018, the Court issued the Memorandum Opinion and Order at issue here. *See* ECF Nos. 578, 579. In that decision, the Court denied Flood's ineffective assistance of counsel claims, but stayed proceedings with respect to the *Johnson* issue pending further developments at the Supreme Court. On October 20, 2022, upon appropriate motion (ECF No. 662), the Court permitted Flood to adopt the filings of his co-defendant with respect to his *Johnson* claims. *See* ECF No. 665.

On June 13, 2023, the Court granted in part and denied in part Flood's Section 2255 motion regarding his *Johnson* claims. ECF No. 680. The Court vacated Flood's Section 924(c) convictions but denied Flood's request for a resentencing on Counts I and II, concluding that resentencing on those counts would be a fruitless exercise because those counts were unaffected by the Supreme Court's decision in *Johnson*, and Count I carried a life sentence. *See id.*

The Court's June 13 decision resolved the remainder of Flood's Section 2255 claims, thus constituting a final judgment for purposes of a possible appeal. The Court' June 13 order did not, however, contain a ruling with respect to a certificate of appealability. Flood filed the present Motion for a Certificate of Appealability on August 9, 2023.

## Legal Standard

A federal prisoner may seek to appeal a district court's final order denying his petition under 28 U.S.C. § 2255 by requesting a certificate of appealability from the district judge or a circuit judge. *See* Rules Governing Section 2255 Proceedings, Rule 11; Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The inquiry for a certificate of appealability "is not coextensive with a merits analysis." *Buck v. Davis*, 580 U.S. 100, 115 (2017). "[A] claim can be debatable even though every jurist of reason might agree after the [certificate of appealability] has been granted and the case has received full consideration, that the petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## Discussion

Flood argues that the Court's denial of his Sixth Amendment claim with respect to counsel's failure to seek a plea agreement before trial satisfies the requirement that he make a "substantial showing of the denial of a constitutional right." ECF No. 682 at 6-10. His argument is closely tied to the analysis for claims of ineffective assistance of counsel. *See id.*

Claims for ineffective assistance of counsel proceed in two steps under *Strickland v. Washington*, 466 U.S. 668 (1994). First, a petitioner must show that the assistance he received "fell

3

below an objective standard of reasonableness" measured against prevailing professional norms. *Id.* at 688. Second, the petitioner must show that counsel's deficient performance prejudiced him. *Id.* at 692. That is, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Fourth Circuit has held that in cases involving a plea offer, petitioners establish prejudice by showing "a reasonable probability that (1) they would have accepted the earlier plea offer had they been afforded effective assistance of counsel, and (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Merzbacher v. Shearin*, 706 F.3d 356, 366 (internal quotation marks and citation omitted). In cases like Flood's, where the alleged constitutional violation was the deprivation of the opportunity to negotiate plea conditions with the Government, a petitioner "must show . . . an additional reasonable probability that the [G]overnment would have in fact made him a particular plea offer in the first place." *Young v. United States*, No. 09-223, 2016 WL 5496517, at *9 (W.D. Va. Sept. 29, 2016), *aff'd United States v. Young*, 2017 WL 1363886 (4th Cir. 2017).

Flood argues that the Court erred in denying his claim because despite the Court "tacitly acknowledg[ing]" that the performance of Flood's trial counsel was constitutionally deficient, the Court concluded that Flood was not prejudiced by counsel's deficient performance by inappropriately crediting the Government's evidence to the exclusion of his own without holding a hearing to resolve issues of disputed fact. *See* ECF No. 682 at 9-10.

Flood's argument rests on a misreading of the Court's Opinion denying his claim and the record before the Court at that time. As a preliminary matter, Flood attempts to reframe the Court's Opinion as accepting that his trial counsel's performance was constitutionally deficient. *See id.* at 8-9. The Court's Opinion did not go so far. Instead, the Opinion stated, when analyzing Flood's claim in light of two unpublished Fourth Circuit decisions, that:

4

> Given the factual similarities to *[United States v. Pender*, 514 F. App'x 359 (2013)] and *[United States v. Brannon*, 48 F. App'x 51 (2002)], Flood's counsel's failure to seek a plea deal arguably fell below the constitutional minimum. However, the Court need not definitively decide that issue because, even assuming counsel's performance was deficient, the outcome for Flood remains unchanged since he cannot show prejudice resulting from this decision.

ECF No. 578 at 18-19. The Court's acknowledgment that the performance of Flood's counsel "arguably fell below the constitutional minimum" is not as dispositive as Flood would have it.

Similarly, the Court is unpersuaded by Flood's argument that the Court's analysis of the prejudice prong of his claim is debatable, or that it helps establish as a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In support of this argument, Flood faults the Court for not holding an evidentiary hearing to air what he perceives to have been disputes of material fact as to whether Flood was prejudiced. ECF No. 682 at 10.

Under Section 2255, a court should hold an evidentiary hearing on a habeas claim "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Stated differently, a court "must hold an evidentiary hearing when the petitioner alleges facts, which, if true, would entitle [him] to relief." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). That said, "[e]videntiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003); *Davey v. United States*, No. 3:17-cv-00556-RJC, 2021 U.S. Dist. LEXIS 187708, at *3 (W.D.N.C. Sept. 30, 2021). In the context of ineffective assistance of counsel claims, the Fourth Circuit has advised that "[a]lthough whether to hold a hearing ordinarily is a matter of district court discretion . . . a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

5

Flood argues that these conditions were satisfied by his Sixth Amendment claim. ECF No. 682 at 9-10. He says that a hearing "is necessary to resolve the material factual disputes created by conflicting affidavits of defense counsel and the prosecutor," and that the supposed factual disputes "relate primarily to purported occurrences outside the courtroom." *Id.* at 10. This argument presupposes that Flood's submissions actually created disputes of material fact that required resolution. They did not.

Flood's first submission was his own affidavit, which, according to Flood, demonstrates that he would have accepted a plea agreement had trial counsel rendered effective assistance and explored the possibility with the Government. As the Court previously noted, self-serving affidavits are not in-and-of-themselves sufficient to prove prejudice under *Strickland*. *See* ECF No. 578 at 20 (collecting cases). Even accepting all the statements in Flood's affidavit as true, the fact remains that he "does not suggest what sort of plea agreement he would have accepted. He merely states that he wanted to avoid a life sentence and 'was hoping [he] could get a plea and a lower sentence." *Id.* (quoting ECF No. 397-4); *see Young*, 2016 WL 5496517, at *9. Again, on the record before the Court at the time of its decision, nothing in the record demonstrated that Flood was open to cooperating with the prosecution to secure a plea agreement. *See id.*

Flood contends that the affidavit of his trial counsel suggests otherwise. He implies that because defense counsel acknowledged that counsel's failure to seek a plea agreement was "not based on any reluctance to plead guilty by Mr. Flood," Flood would have accepted a plea agreement were he presented with the opportunity. ECF No. 682 at 8, 10. But the absence of a reluctance to plead guilty is not the same as a willingness to so plead. Nor does this statement (or the remainder of trial counsel's affidavit) say anything about the terms that Flood would have accepted as part of his plea. *See Young*, 2016 WL 5496517, at *9. At most, defense counsel's affidavit states that Flood was concerned "about the time he might have to serve" upon discussing "the notion of

6

pleading guilty." ECF No. 406 at 2. Setting aside the ambiguity as to what terms Flood would have accepted, to find prejudice based on this assertion, the Court would first need to conclude that the Government would have reached an agreement with Flood in the first place.

The affidavit submitted by the prosecutor in Flood's case establishes that such a conclusion is unwarranted. The affidavit states, in no uncertain terms, that the Government "did not offer, and would not have offered, any plea agreement to the defendant even if counsel had requested one." ECF No. 565 at 3. Flood argues that this statement in the prosecutor's affidavit "directly contra[dicted]" defense counsel's representations. ECF No. 682 at 9. He also argues that trial counsel's statements are further supported by an affidavit from his proffered defense expert, which noted that "it is extremely rare in federal cases for there to be no plea offer at all." *Id.* (quoting ECF No. 397-2). Flood claims the Court erred by not only failing to credit his expert's affidavit, but also for what Flood perceives to be the Court's failure to consider the affidavit in the first place. *See id.* at 10 n.3.

Flood's argument fails for the simple reason that the statements made by the prosecutor and trial counsel do not, in fact, contradict one another. Even assuming the truth of trial counsel's representation that the prosecutor approached him "about the prospect of pleading," and that Flood was not "reluctan[t]" to plead guilty, trial counsel's affidavit does not speak to the question of whether the Government would have ultimately offered Flood a plea agreement that Flood would accept. The affidavit of Flood's proffered expert similarly lends no support to Flood's argument. Flood's expert affidavit speaks only to general standards of criminal practice in Federal court and the necessity for defense counsel to seek plea agreements. *See* ECF No. 396-2. The expert affidavit does not and cannot answer the question of whether the Government, in Flood's case, would have offered Flood a plea agreement that would have changed the outcome. By contrast, the prosecutor's

affidavit squarely rejects such a possibility. ECF No. 565 at 3. Given this, there was no factual dispute for the Court to resolve at an evidentiary hearing.

To receive an evidentiary hearing, it was Flood's burden to show that "the files and records of the case" did not "conclusively show that" he was "entitled to no relief." 28. U.S.C. § 2255(b). To receive habeas relief, it was Flood's burden to show that he was prejudiced by his counsel's constitutionally deficient performance. *Strickland*, 466 at 694. In its Opinion, the Court concluded that the files and records of the case conclusively showed that Flood was entitled to no relief because he could not demonstrate that he was prejudiced by trial counsel's performance. ECF No. 578 at 21.

To receive a certificate of appealability, it is Flood's burden to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The record and the Court's prior Opinion demonstrate that Flood has indisputably failed to carry this burden.

### Conclusion

For the foregoing reasons, Flood's Motion for a Certificate of Appealability (ECF No. 682) is **DENIED**.

A separate Order **WILL** issue.

October 16, 2023

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE